UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGERICK BOOTH,

    Plaintiff,                      Civil Action No. 2:18-CV-11103
v.                                 HONORABLE ARTHUR J. TARNOW
                                      UNITED STATES DISTRICT JUDGE

WILLIAM DICKERSON FACILITY
KITCHEN SUPERVISOR, et. al.,

    Defendants,
_____/

## ORDER REQUIRING AUTHORIZATION TO WITHDRAW FUNDS AND A SIGNED CERTIFICATION OF INMATE'S TRUST ACCOUNT FROM AUTHORIZED JAIL OFFICIAL

Before the Court is Plaintiff Rodgerick Booth's civil rights complaint filed under 42 U.S.C. § 1983. For the reasons stated below, plaintiff is ordered to provide an authorization to withdraw funds from his jail account and a signed certification of his trust account from an authorized prison or jail official within thirty days of this Court's Order.

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). Plaintiff's application to proceed without prepayment of fees or costs is

1

deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 Fed. Appx. 530, 533 (3rd Cir. 2010).

The Court notes that although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by plaintiff's custodian or designee. An unsigned certificate, an uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d at 605.

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district

court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Accordingly, unless plaintiff chooses to pay the filing fee of $ 350.00, plus the $ 50.00 administrative fee in full, the Court **ORDERS** him to provide an authorization to withdraw funds and a financial certificate signed by plaintiff's custodian or designee. If plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED.**

                                      S/R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: April 24, 2017

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on

                                      s/N. Ahmed
                                      Deputy Clerk

Dated: April 24, 2017